J-S52045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARK DAVID BROWN | : | |
| | : | |
| Appellant | : | No. 604 MDA 2017 |

Appeal from the PCRA Order March 2, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0001797-2010

BEFORE:   GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED SEPTEMBER 06, 2017**

Appellant, Mark David Brown, appeals *pro se* from the order of the Luzerne County Court of Common Pleas, which dismissed as untimely his first petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 31, 2011, Appellant entered a *nolo contendere* plea to unlawful contact with a minor.  The court adjudicated Appellant a sexually violent predator on July 28, 2011, and sentenced him to 14 to 44 months' imprisonment, followed by 12 months' probation. Appellant did not seek direct review, and his judgment of sentence became final on or about August 27, 2011.  On February 19, 2015, the court revoked Appellant's probation and resentenced him to 14 to 72 months' imprisonment plus 24 months' probation, with a credit of 44 months' time served.  This Court affirmed the judgment of sentence on February 4, 2016.

Appellant filed his first, current PCRA petition on September 22, 2016, claiming that his July 28, 2011 judgment of sentence was illegal under **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). The PCRA court appointed counsel, who filed a motion to withdraw and **Turner/Finley**[1] no-merit letter on November 30, 2016. The PCRA court issued Rule 907 notice on January 13, 2017, permitted counsel to withdraw, and denied relief on March 2, 2017. Appellant timely filed a *pro se* notice of appeal on March 29, 2017. No concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) was ordered or filed.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The statutory exceptions to the PCRA time-bar allow for very limited circumstances which excuse the late filing of a petition; a petitioner asserting a timeliness exception must file a petition within 60 days of when

---

[1] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(1-2). When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively." **Commonwealth v. Chambers**, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

Instantly, Appellant's 2011 judgment of sentence became final on or about August 27, 2011, upon expiration of the 30 days for filing a direct appeal. **See** Pa.R.A.P. 903(a). Appellant filed the current *pro se* PCRA petition on September 22, 2016, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant attempts to invoke the "new constitutional right" exception, citing **Alleyne**, which affords Appellant no relief. **See Commonwealth v. Washington**, ___ Pa. ___, 142 A.3d 810 (2016) (holding new constitutional rule announced in **Alleyne** is not substantive or watershed procedural rule that warrants retroactive application to collateral attacks on mandatory minimum sentences where judgment of sentence became final before **Alleyne** was decided); **See also Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor U.S. Supreme Court has held **Alleyne** and its progeny apply retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to timeliness requirements of PCRA).

Moreover, Appellant failed the 60-day rule. **See** 42 Pa.C.S.A. § 9545(b)(2). Finally, the record shows the court did not impose a mandatory minimum sentence. Therefore, Appellant's petition remains time-barred, and the PCRA court properly dismissed it. Accordingly, we affirm.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/2017